[No. 10705–1–III.   Division Three.   July 11, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. SAMUEL JOSEPH MCDOUGAL, *Appellant.*

*Louis D. Fessler,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Lauri McIntire Boyd, Deputy,* for respondent.

SHIELDS, J.—Samuel Joseph McDougal appeals a superior court order sentencing him to 450 days' confinement in the State Department of Corrections for 10 violations of conditions or requirements of an earlier sentence imposed upon him. We vacate the order and remand for resentencing.

On December 3, 1987, Mr. McDougal pleaded guilty to a single charge of possession of a controlled substance, cocaine. Under the provisions of the Sentencing Reform Act of 1981 (SRA), his offender score was 0 and the standard range for his offense was 0 to 90 days. He was sentenced to 30 days' confinement in jail and 1 year of community supervision. The first-time offender waiver was not employed.

In April 1988, Mr. McDougal's correction officer submitted a notice of violation of conditions of supervision, charging Mr. McDougal had failed to report for required urinalysis testing since December 29, 1987, and lied about his noncompliance. At a hearing held November 17, 1988, the court found Mr. McDougal willfully violated the requirements or conditions of his sentence. Pursuant to RCW 9.94A.200, the court modified Mr. McDougal's sentence. He was sentenced to 8 additional days in jail; 8 months of community supervision were tolled and added to his term of supervision.

In August 1989, Mr. McDougal was again reported for violating conditions of supervision. This time, however, he was charged with 10 individual violations occurring between

March 31 and July 14, 1989: 3 for using marijuana and 2 for using Darvon (all detected by urinalysis), 3 for failing to report for urinalysis, 1 for moving from his listed residence to an unknown residence, and 1 for failing to report to his supervising corrections officer. Two additional violations were charged in December: leaving the state without written permission and being arrested in Montana for possession of drug paraphernalia.

At a hearing held February 22, 1990, on all 12 violations charged, Mr. McDougal denied he used marijuana or moved to an unknown address, denied his arrest for possession of paraphernalia violated any condition of his supervision and admitted the remaining 7 violations. The court found him guilty of 10 willful violations of the requirements or conditions of his sentence.[1] The State recommended the court impose the maximum penalty of 60 days for each violation. Mr. McDougal objected, arguing the State unfairly collected violations over a period of months and a sentence of 600 days' confinement in prison was grossly disproportionate to the standard range of 0 to 90 days for the underlying felony. The court sentenced Mr. McDougal to 450 days in the State Department of Corrections, 45 days for each of the 10 violations.

Mr. McDougal contends the court erred by imposing a 450-day prison sentence for violation of his previous sentence because the standard range for that conviction was 0 to 90 days' confinement in jail and Mr. McDougal was sentenced to 30 days plus 1 year of community supervision. Mr. McDougal makes three basic arguments: (1) literal application of RCW 9.94A.200(2)(b) does not comport with the purposes and structure of the SRA, therefore it must be ambiguous; (2) if the statute is not limited in its application, it violates constitutional due process guaranties; and (3) if the statute is unambiguous and constitutional, the

---

[1]The court found test results were inconclusive on one charge of using marijuana and the arrest for possession of paraphernalia did not violate any condition or requirement of his sentence.

court's application of it in this case was an abuse of discretion. Because we decide the appeal on the first issue, we do not address the others.

RCW 9.94A.200 provides, in pertinent part:

(1) If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.

(2) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

. . . .

(b) The state has the burden of showing noncompliance by a preponderance of the evidence. If the court finds that the violation has occurred, it may order the offender to be confined for a period not to exceed sixty days for each violation . . .;

This statute addresses the sentencing court's power to enforce its own disposition orders. Additional confinement is expressly authorized. It is the interpretation of that authorization and its application to the facts presented here which is at issue.

The phrase "not to exceed sixty days for each violation" is capable of more than one meaning:

1. It can mean confinement for up to 60 days for each instance of noncompliance. This interpretation was accepted by the court when it sentenced Mr. McDougal to 45 days for each of 10 violations.

2. It can mean the offender may be punished in successive proceedings each time he violates a condition, even if it is the same condition each time. This interpretation eliminates the argument punishment for a violation of a condition stands in lieu of compliance, thus excusing the condition. *See State v. Martin,* 36 Wn. App. 1, 670 P.2d 1082 (1983), *rev'd and modified,* 102 Wn.2d 300, 684 P.2d 1290 (1984). Thus, Mr. McDougal could be punished for failure to report for urinalysis even though he had been punished already for an earlier failure to report for urinalysis; the drug testing remained a requirement of his sentence.

3. It can mean confinement for up to 60 days for all violations brought before the court in a single violation proceeding.[2] Arguably, the same sentencing rules should apply to multiple violations of sentence conditions which are, after all, less serious than multiple felonies. A limit of 60 days for each violation proceeding also coincides with the lowest possible standard range for underlying offenses; it eliminates the argument that a penalty for noncompliance exceeds the underlying standard range. It also inhibits the compiling of numerous violations as appears to have occurred here.

4. Finally, it can mean confinement for up to 60 days for each specific condition or requirement violated, regardless of the number of times the specific condition is violated. This interpretation was accepted by the court at the first violation proceeding when Mr. McDougal's multiple failures to report to TASC (Treatment Alternatives to Street Crime) for urinalysis testing from December 29, 1987, to April 1988, were treated as a single noncompliance with the condition he report on a regular basis, although he failed to report for more than one scheduled test. We hold the meaning of RCW 9.94A.200 is ambiguous and requires interpretation.

In determining which meaning the Legislature intended, we must keep in mind the need to satisfy the underlying purpose of the statute while avoiding absurd results. *State v. Stannard,* 109 Wn.2d 29, 36, 742 P.2d 1244 (1987); *Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.,* 105 Wn.2d 353, 358, 715 P.2d 115 (1986). Statutes prescribing punishment must be construed together. 24 C.J.S. *Criminal Law* § 1461, at 9 (1989); *see also State v. Neher,* 112 Wn.2d 347, 351, 771 P.2d 330 (1989). A statute which involves a deprivation of liberty must be construed

---

[2]Under another section of the SRA, RCW 9.94A.400(1)(a), imposition of consecutive terms for multiple nonviolent offenses constitutes an exceptional sentence which must be justified by the sentencing judge.

strictly. *In re Cross,* 99 Wn.2d 373, 379, 662 P.2d 828 (1983).

The purpose of the SRA is clearly and expressly stated:

The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences, and to add a new chapter to Title 9 RCW designed to: ·

(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;

(2) Promote respect for the law by providing punishment which is just;

(3) Be commensurate with the punishment imposed on others committing similar offenses;

(4) Protect the public;

(5) Offer the offender an opportunity to improve him or herself; and

(6) Make frugal use of the state's resources.

RCW 9.94A.010.

██ Literal interpretation of the statute in this case enabled the court to impose punishment for violations of sentence conditions which was grossly disproportionate to the punishment imposed for the underlying felony. None of the goals stated in RCW 9.94A.010 are furthered by such an excessive sentence. Such an interpretation of RCW 9.94A-.200 permits prosecutors and sentencing judges to exercise unstructured discretion to modify otherwise structured felony sentences.[3] The overall purpose of the SRA is to establish guidelines for structuring the exercise of a sentencing judge's discretion, requiring its exercise to be reasoned and principled, furnishing criteria for appellate review. *State v. Shove,* 113 Wn.2d 83, 88–89, 776 P.2d 132 (1989). Respectful of that purpose, the Supreme Court has always interpreted the SRA in a manner that ensures the structuring of trial court discretion. *Shove,* at 89. So must we.

---

[3]The potential for abuse is significant. In fiscal year 1990, 11,841 nonprison sentences (91 percent) included orders for community supervision. Washington Sentencing Guidelines Comm'n, *A Statistical Summary of Adult Felony Sentencing Fiscal Year 1990,* at iii (1991).

■ The SRA as a whole is very precise. Other sections provide procedural safeguards for exceptional sentences, including those which are consecutive or outside the standard range, but such protection is not expressly extended to sentence condition violation proceedings under RCW 9.94A.200. The Sentencing Guidelines Commission notes:

> Although the legislature has not adopted specific guidelines for the length of sanctions for various violations, the imposition of sanctions should be evaluated with reference to the standard range of the original offense. *Rarely should the time to be served for violations exceed the underlying standard range.*

(Italics ours.) Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* § 9.94A-.200 comment, at II–39 (1990). Although advisory in nature, the comment comports with the overall purpose of the SRA and guides our interpretation of this section.

After the Supreme Court's ruling in *Martin,* which involved a juvenile offender, the Legislature clarified penalties for violations under the Juvenile Justice Act of 1977. It amended RCW 13.40.200(3)(a) to read:

> If the court finds that a respondent has wilfully violated the terms of an order pursuant to subsections (1) and (2) of this section, it may impose a penalty of up to thirty days' confinement. Penalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement. Regardless of the number of times a respondent is brought to court for violations of the terms of a single disposition order, the combined total number of days spent by the respondent in detention shall never exceed the maximum term to which an adult could be sentenced for the underlying offense.

Laws of 1986, ch. 288, § 5(3)(a), at 1249. There is no express authority in RCW 9.94A.200 for consecutive 60–day sentences for multiple violations considered at a single hearing. We do not think it should be interpreted expansively to grant such authority.

■ The sentence conditions imposed upon Mr. McDougal fall within three categories: (1) crime–related prohibitions, including the requirement he report for urinalysis to ensure compliance; (2) standard conditions and

requirements, primarily related to keeping his community supervisor informed as to his activities and whereabouts; and (3) financial requirements. Interpretation of the statute to authorize the court to impose a sentence of up to 60 days' confinement for willful violations of each category of condition is consistent with its underlying purpose.[4] However, penalties for multiple violations may not be aggregated; no more than 60 days' confinement may be imposed at any violation proceeding.[5]

At subsequent violation proceedings, additional terms of up to 60 days' confinement may be imposed for all violations established at that proceeding, provided the underlying range is not exceeded when all violation sentences are added together.[6] The Sentencing Guidelines Commission comment, which anticipates rare times when a lengthier term of confinement is warranted, is consistent with the SRA requirement of justification for exceptional sentences. RCW 9.94A.120. In exceeding the presumptive range, the court should base its decision on substantial and compelling reasons, and should set forth its reasons in written findings of fact and conclusions of law. *See* RCW 9.94A.120(2), (3), (6).

In determining whether substantial and compelling reasons justify sanctions of an exceptional length, the court must keep in mind the legitimate purpose of RCW 9.94A-.200, which is to compel performance of the underlying sentence. An offender who has not been sentenced under the first–time offender or sex offender provisions cannot be

---

[4]If a violation constitutes a new criminal offense, it should be the subject of a new charge. *See* D. Boerner, *Sentencing in Washington* § 10.13 (1985).

[5]Here, Mr. McDougal violated both crime–related conditions and standard conditions; he could be sentenced to any combination of terms of confinement for the two violations up to the maximum of 60 days for that proceeding.

[6]Mr. McDougal received a sentence of 8 days' confinement at his first violation proceeding; if the maximum 60 days were imposed at the second proceeding, only 22 days could be imposed (90 minus 68) at a third proceeding unless an exceptional sentence is justified.

forced to participate in rehabilitative programs, or to otherwise perform affirmative conduct. RCW 9.94A.030(11). Both the community corrections officer and the court improperly focused on Mr. McDougal's refusal to engage in drug treatment. Officer Bartlett, on the State's recommendation of 600 days' confinement at the State Department of Corrections, stated:

> I think the abiding problem is Mr. McDougal's resistance toward authority coupled with a drug problem. Mr. Jim Knowles of the TASC facility visited with Mr. McDougal in jail in [an] attempt to enroll him in a substance abuse treatment program. Mr. McDougal refused to continue the interview and refused to sign any of the papers that would enable him to be approved for a drug treatment program. I find him totally resistant to any sort of help.

The trial judge, in his oral decision, stated:

> He hasn't been available to be supervised and he's refused efforts that have been extended to him to have a rehabilitative treatment. In other words, he's refused to have a drug program, enter in and follow through with it. Therefore, the general purposes of the Sentencing Reform Act have to be examined if we are not going to secure any kind of rehabilitation because of his refusal. And the terms of the law, 9.94A.200, . . . seems to contemplate that the alternative is to, at least one of the alternatives is to place him in a detention facility or jail or prison, if necessary, in order to convert sentencing to some realistic impact that might curb his future behavior and to coerce his compliance here.

Failure to take advantage of proffered rehabilitative assistance is irrelevant absent a first–time offender or sex offender option; it does not justify exceptional sanctions.

The statute should not be interpreted to permit sanctions for violations which exceed 1 year. With two exceptions,[7] community supervision is an option only for felons sentenced to confinement for 1 year or less and the term of supervision may be no more than 1 year. RCW

---

[7]*See* RCW 9.94A.120(5) governing first–time offenders and RCW 9.94A.120(7) governing sex offenders.

9.94A.383;[8] *see* D. Boerner, *Sentencing in Washington* § 10.13 (1985). Considering the circumstances in which community supervision is available, it is inconsistent to permit imposition of a term of confinement for more than 1 year.

Furthermore, violations of community supervision provisions are not felonies. Although not specifically categorized, these offenses are akin to misdemeanors, *see* RCW 9A.20-.010 and RCW 9A.76.020; or to acts of civil contempt, *see* D. Boerner § 10.14, at 10–14. In neither instance is a sentence for a term of confinement in prison for more than 1 year authorized; nor is it authorized for the offenses committed in this case. RCW 9A.20.021; *see also In re King*, 110 Wn.2d 793, 756 P.2d 1303 (1988).

Finally, any period of confinement as a sanction to compel compliance with a sentence condition must be served in a county facility rather than a state correctional facility. *See* RCW 9.94A.190(1); *see also State v. Linnemeyer*, 54 Wn. App. 767, 776 P.2d 151 (1989). A comparable section of the SRA authorizes confinement for up to 60 days *in the county jail* for violations of the conditions of postrelease supervision. RCW 9.94A.175. Postrelease supervision is imposed on offenders who have been sentenced to a term of total confinement in prison for specified serious offenses. RCW 9.94A.120(8); RCW 9.94A.030(24). Thus, it is also inconsistent to permit nonviolent offenders to be treated more harshly than violent serious offenders.

To summarize, the purpose of RCW 9.94A.200 is to compel compliance with the original 1–year sentence of community supervision. The only conditions of community supervision authorized are "crime–related prohibitions" and "other sentence conditions" imposed pursuant to the SRA. RCW 9.94A.030(7). An offender may be sentenced to a term of confinement in jail for up to 60 days for willful violation of each category of conditions: crime–related,

---

[8]RCW 9.94A.383 provides, in part:

"On all sentences of confinement for one year or less, the court may impose up to one year of community supervision."

standard, and financial. Penalties for multiple violations may not be aggregated to exceed 60 days' confinement at a single violation proceeding. Additional terms of confinement may be imposed at subsequent proceedings, up to 60 days' confinement each time, as long as the sum of all terms of confinement does not exceed the standard range for the underlying felony offense. The standard range may only be exceeded upon a finding of substantial and compelling reasons, which must be set forth in written findings of fact and conclusions of law. Total confinement for all violations of sentence conditions may not exceed 1 year under any circumstances. All terms of confinement are to be served in county facilities.

We vacate the order of the Superior Court modifying Mr. McDougal's sentence and remand for resentencing.

GREEN, C.J., and MUNSON, J., concur.