[Nos. 10921-6-III; 10922-4-III.  Division Three.  November 19, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. VICKY LYNN HUGHES, *Appellant*.

*Louis D. Fessler,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Lauri M. Boyd, Deputy,* for respondent.

SHIELDS, C.J. — Vicky Lynn Hughes appeals the superior court orders imposing two consecutive sentences of 240 days each, totaling 480 days' confinement in the State Department of Corrections, for six violations of conditions or requirements of community supervision. We vacate the orders and remand for resentencing.

On November 17, 1989, Ms. Hughes pleaded guilty to a single charge of possession of a controlled substance, cocaine. Under the provisions of the Sentencing Reform Act of 1981 (SRA), her offender score was 0 and the standard range for her offense was 0 to 90 days. She was sentenced to 20 days' confinement in jail and 1 year of community supervision. The first-time offender waiver was not employed.

On February 12, 1990, Ms. Hughes pleaded guilty to a new charge of possession of cocaine. This time her offender score was 1 and the standard range for the offense was 2 to 6 months. She was sentenced to 4 months' confinement in jail and 1 year of community supervision, to be served consecutive to the 1989 sentence.

On May 15, 1990, the State petitioned the court for orders modifying Ms. Hughes' sentences and orders of confinement pursuant to RCW 9.94A.200(2)(b) for four violations of the conditions of supervision.[1] The State alleged she used cocaine, codeine, morphine and marijuana on April 25. On June 6, the State filed amended petitions adding five additional violations: using cocaine and heroin on May 21; failing to provide the Department of Corrections with an

---

[1]Footnote 1 on page 2 of Ms. Hughes' brief contains additional relevant history which is not part of the record on review. The violation proceeding which is the subject of this appeal was apparently not the first in these cases. On January 26, 1990, Ms. Hughes was sentenced to 30 days in jail for failing to report after release from jail. On May 11, 1990, she was sentenced to 12 days' confinement on the 1989 sentence and 20 days' confinement on the 1990 sentence for another failure to report, to be served consecutively for a total of 32 days.

accurate address on May 21; and failing to report to the Department on May 25 and June 1.

At a hearing held June 15, 1990, Ms. Hughes admitted four of the drug use violations and both failures to report. The court sentenced her to 45 days for each admitted drug violation and 30 days for each failure to report, totaling 240 days for each sentence, to be served consecutively.

This appeal presents two issues:

1. Whether the court erred by sentencing Ms. Hughes to 240 days' confinement for violation of the conditions of the November 1989 sentence imposed under the SRA, when the standard range for that conviction was 0 to 90 days in jail; and

2. Whether the court erred by imposing the same sentence to be served consecutively for violation of the same conditions of the February 1990 sentence.

■ We recently addressed the first issue in *State v. McDougal*, 61 Wn. App. 847, 812 P.2d 877, *review granted*, 117 Wn.2d 1022 (1991).[†] On similar facts, we held: an offender may be sentenced to a term of confinement in jail for up to 60 days for willful violation of each category of conditions: crime-related, standard, and financial; penalties for multiple violations may not be aggregated to exceed 60 days' confinement at a single violation proceeding; additional terms of confinement may be imposed at subsequent proceedings, up to 60 days' confinement each time, as long as the sum of all terms of confinement does not exceed the standard range for the underlying felony offense; the standard range may only be exceeded upon a finding of substantial and compelling reasons, which must be set forth in written findings of fact and conclusions of law; total confinement for all violations of sentence conditions may not exceed 1 year under any circumstances; and all terms of confinement are to be served in county facilities. *McDougal*, at 857-58. For the reasons set forth in *McDougal*, we find the trial court erred by imposing 240 days' confinement on

---

[†]Reporter's Note: The Supreme Court reversed the decision of the Court of Appeals at 120 Wn.2d 334 (1992).

Ms. Hughes for violations of the conditions of her November 1989 sentence.

The second issue was not addressed in *McDougal*. However, in *State v. Taplin*, 55 Wn. App. 668, 670-71, 779 P.2d 1151 (1989), Division One held RCW 9.94A.200 did not authorize imposition of two 60-day terms of confinement for each of two concurrent sentences, to be served consecutively for a total of 240 days, when there were only two violations of conditions of the sentences. Here, the underlying sentences were consecutive rather than concurrent. Because her sentences were consecutive, Ms. Hughes' acts of non-compliance did not violate the conditions of both. Her violations applied only to the community supervision conditions of her November 1989 sentence, which she had not yet completed. Although the terms of confinement on the consecutive sentences had to be served before other sentence conditions were performed, RCW 9.94A.400(5), the community service provisions of Ms. Hughes' sentences remained consecutive following her release from jail. The conditions of the February 1990 conviction do not become operational until the supervision period of the November 1989 sentence has expired.

We vacate the orders of the Superior Court modifying Ms. Hughes' sentences and remand for resentencing. In doing so, we reiterate the holding in *McDougal*, which limits the confinement which may be imposed in this case. There are only two violations of conditions here: one, crime-related; the other, standard. The statutory maximum confinement for each is 60 days. However, 60 days' confinement is also the maximum which may be imposed in the single violation proceeding here.

THOMPSON, J., and STAUFFACHER, J. Pro Tem., concur.

Review by Supreme Court pending November 1, 1992.