FILED
COURT OF APPEALS
DIVISION II

2014 AUG 19 AM 9: 37

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44036-9-II |
| Respondent, | |
| v. | |
| CHARLOTTE ANN BUTTON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Charlotte Ann Button appeals a sentence condition requiring her to stand on a street corner holding a sign stating, "I stole from kids. Charlotte Button." Button contends that the trial court lacked authority to impose this condition and that it violated her rights under the First and Eighth Amendments of the United States Constitution. Because there is no statutory authority for the sign-holding condition, we need not reach Button's constitutional challenges, and we remand for the trial court to strike the sign-holding condition from her judgment and sentence.

## FACTS

Button pleaded guilty to first degree theft for embezzling funds from a high school booster club. The trial court sentenced her to two months in jail and imposed an additional condition intended "to send a message to the community." Report of Proceedings (RP) (July 5, 2011) at 6. The court explained that condition:

> [B]efore you begin your jail time, you are going to spend 40 hours standing at the corner of Wishkah and Broadway with a sign that says, "I stole money from kids. Charlotte Button." You're going to do it two hours at a time twice a day from 7:00 to 9:00 in the morning and 4:00 to 6:00 in the afternoon.

You're going to do it starting tomorrow, and it will be Monday through Saturday and for ten days. So whatever that is, you'll get in four days this week, and then you'll start the following Monday and get in another six, so you'll be done on Saturday, a week from this Saturday.

And after you complete that, you will then serve your jail sentence, but you're going to spend 40 hours holding a sign up that says, "I stole money from kids. Charlotte Button."

I want you to make the sign. In fact, I have a large poster board in my office, and you can have a seat before you leave. I'll retrieve it at the break and give it to you, and I expect to see it down there tomorrow morning.

RP (July 5, 2011) at 6-7. The trial court added a handwritten notation to the judgment and sentence ordering Button to prepare a sign and hold it at the location and time stated above.

Button served her jail time but did not comply with the sign-holding condition. She filed an appeal based on that condition, but her attorney abandoned it after the condition was not enforced and the prosecutor indicated "he wasn't going to do anything" about it. RP (Sept. 21, 2012) at 3.

On its own motion, the trial court issued an order requiring Button to appear and show cause why she should not be punished for failing to display the sign as ordered. At the show cause hearing, the parties agreed that the condition was improper and unenforceable. The 65-year-old Button added that complying with the condition would be physically difficult and that she and her family had suffered enough humiliation as a result of news coverage of the case.

The trial court saw nothing improper about the sign-holding condition and viewed the judgment and sentence as final. The court sentenced Button to an additional 60 days in jail and ordered her to display the sign after her release or face additional jail time. The court declined to stay the sanctions imposed. Button served the additional jail time but appealed the sign

No. 44036-9-II

condition, and we granted her emergency motion to stay that condition pending the outcome of the appeal.

Button argues on appeal that the trial court lacked authority to impose the sign-holding condition and that the condition violated her constitutional rights under the First and Eighth Amendments.[1]

ANALYSIS

A. SENTENCING CONDITIONS

A trial court's sentencing authority is limited to that granted by statute. *In re Postsentence Review of Combs*, 176 Wn. App. 112, 117, 308 P.3d 763 (2013) (citing *State v. Skillman*, 60 Wn. App. 837, 838, 809 P.2d 756 (1991)). Whether a sentencing court has exceeded its statutory authority is a question of law that we review de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003).

The statute that governs this case is RCW 9.94A.505(8), which provides that in imposing a sentence on a felony conviction, "the court may impose and enforce crime-related prohibitions and affirmative conditions as provided in this chapter." The phrase "as provided in this chapter" does not require crime-related prohibitions to be authorized by some other provision of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *State v. Acrey*, 135 Wn. App. 938, 943-44, 146 P.3d 1215 (2006); *see also State v. Armendariz*, 160 Wn.2d 106, 114, 156 P.3d 201 (2007) (RCW 9.94A.505(8) constitutes independent grant of authority to impose crime-related

---

[1] The State agrees that Button may appeal this sanction. *See State v. McDougal*, 120 Wn.2d 334, 340, 841 P.2d 1232 (1992) (addressing defendant's appeal of sanctions imposed for violating conditions of sentence); *State v. Hughes*, 70 Wn. App. 142, 143, 852 P.2d 1097 (1993) (same).

3

prohibitions). The "as provided in this chapter" qualifier does apply, however, to affirmative conditions.[2] *See Armendariz*, 160 Wn.2d at 114; *Acrey*, 135 Wn. App. at 943-44.

Crime-related prohibitions may not include orders that direct an offender to perform affirmative conduct. RCW 9.94A.030(10); *Acrey*, 135 Wn. App. at 945. "Persons may be punished for their crimes and they may be prohibited from doing things which are directly related to their crimes, but they may not be coerced into doing things which are believed will rehabilitate them." *State v. Parramore*, 53 Wn. App. 527, 531-32, 768 P.2d 530 (1989) (quoting David Boerner, *Sentencing in Washington*, § 4.5 (1985)) (emphasis omitted). Consequently, any order directing an offender to affirmatively do something is an affirmative condition and must be expressly authorized by the SRA.

The SRA provides for a number of affirmative conditions that can be imposed depending on the circumstances. *See, e.g.*, RCW 9.94A.607(1) (where offender's chemical dependency contributed to his offense, court may order him to participate in rehabilitative programs); RCW 9.94A.670(5), (6) (court may impose affirmative conditions as part of special sex offender sentencing alternative); RCW 9.94A.703(3)(d) (as condition of community custody, court may order offender to perform affirmative conduct reasonably related to circumstances of offense).

These statutes do not apply to Button. There is no allegation of chemical dependency, and her conviction of first degree theft did not subject her to community custody. RCW 9.94A.701. Nor does any other SRA provision independently authorize the sign-holding

---

[2] The distinction between crime-related prohibitions and affirmative conditions in RCW 9.94A.505(8) reflects the legislature's retreat from rehabilitation in favor of determinate punishment. *Acrey*, 135 Wn. App. at 945.

condition, which clearly requires Button to affirmatively engage in some conduct. Thus, there is no statutory authority allowing the imposition of a sign-holding condition in the first instance.

The trial court also lacked statutory authority to impose this condition as a sanction under RCW 9.94A.6333[3] and RCW 9.94A.633.[4] If an offender who is not being supervised by the Department of Corrections violates any condition of sentence, the trial court may impose the sanctions specified in RCW 9.94A.633(1). RCW 9.94A.6333(2)(c). Such sanctions may include up to 60 days' confinement, or, in lieu of confinement, "any other community-based sanctions." RCW 9.94A.633(1)(a), (b). Here, the trial court imposed 60 days' confinement and then insisted that Button comply with the sign-holding condition. The sign-holding sanction is not authorized by RCW 9.94A.633(1) or RCW 9.94A.6333.

---

[3] RCW 9.94A.6333 states, in relevant part:
    (1) If an offender violates any condition or requirement of a sentence, and the offender is not being supervised by the department, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.
    (2) If an offender fails to comply with any of the conditions or requirements of a sentence the following provisions apply:

      . . . .

      (c) If the court finds that a violation has been proved, it may impose the sanctions specified in RCW 9.94A.633(1).

[4] RCW 9.94A.633 states, in relevant part:
    (1)(a) An offender who violates any condition or requirement of a sentence may be sanctioned by the court with up to sixty days' confinement for each violation or by the department with up to thirty days' confinement as provided in RCW 9.94A.737.
      (b) In lieu of confinement, an offender may be sanctioned with work release, home detention with electronic monitoring, work crew, community restitution, inpatient treatment, daily reporting, curfew, educational or counseling sessions, supervision enhanced through electronic monitoring, or any other community-based sanctions.

No. 44036-9-II

Because the trial court lacked statutory authority to impose the sign-holding condition, we remand so that it can be stricken from Button's judgment and sentence. Given the resolution of this case on statutory grounds, we need not reach Button's constitutional arguments. *State v. Speaks*, 119 Wn.2d 204, 207, 829 P.2d 1096 (1992).

We remand for the trial court to strike the sign-holding condition from Button's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, P.J.

_____
Melnick, J.