**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| ANDREW ALLEN ECK, | ) | No. 80879-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Andrew Eck appeals the sentencing court's imposition of a domestic violence program called "Thinking for a Change" as a condition of his community custody. Eck argues that the trial court abused its discretion by imposing Thinking for a Change because the program is unrelated to his crime. We affirm.

## I. FACTS

In 2017, Eck damaged the interior of his wife Demetria Murphy's home, smashed her car window, set her bed aflame, and threatened to kill himself with an Airsoft pellet gun. Eck was convicted of six counts of misdemeanor domestic violence and given a no-contact order prohibiting him from being within 1,000 feet of Murphy's home.

On July 20, 2019, King County Sheriff's deputies received a call from Murphy's relative stating that Eck was in Murphy's home and that the relative was concerned for Murphy's safety. Deputies obtained a search warrant for Murphy's home, at which point

Citations and pin cites are based on the Westlaw online version of the cited material.

Eck surrendered himself outside and was arrested. On October 9, 2019, Eck entered an Alford[1] plea to one count of domestic violence felony violation of a court order. The court imposed an exceptional sentence of 12 months in jail and 24 months of community custody. The court also ordered Eck to obtain substance abuse and mental health treatment, attend grief counseling, and participate in Thinking for a Change as a form of domestic violence treatment.

Eck appeals.

## II.  ANALYSIS

### A.  Preservation of Issue for Appeal

As a threshold matter, the State argues that Eck failed to preserve this issue for appeal because he did not object to the Thinking for a Change program at trial. We disagree.

At trial, defense counsel stated:

> So the [S]tate's still asking for [the treatment], and I think the Court already knows from my presentation why we don't think it's appropriate. And it's not just that it's, in my opinion, the wrong kind of treatment, it's that he has a dual diagnosis. He has a substance abuse problem and a mental health problem, and he really needs to focus on those. Two kinds of treatment is a lot. Three kinds of treatment, I think, is really starting to push the limits of what a human can do.

Defense counsel further stated that "[the treatment] seems . . . to be more than what's necessary." As a result of these objections, we review Eck's argument on appeal.

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). In an Alford plea, the accused technically does not acknowledge guilt but concedes there is sufficient evidence to support a conviction. In re Pers. Restraint of Cross, 178 Wn.2d 519, 521, 309 P.3d 1186 (2013).

    B.  Thinking for a Change Condition

    Eck argues that the trial court abused its discretion by imposing his participation in Thinking for a Change as a condition of his community custody.  Eck contends the condition was unrelated to the crime charged.

    We review a sentencing court's authority to impose a condition of community custody de novo.  State v. Button, 184 Wn. App. 442, 446, 339 P.3d 182 (2014).  We review whether a community custody condition is appropriately related to a crime for an abuse of discretion.  State v. Irwin, 191 Wn. App. 644, 656, 191 P.3d 830 (2015).  A sentencing court abuses its discretion "when it is exercised on untenable grounds or for untenable reasons" and if the condition imposed is "manifestly unreasonable."  State v. Munoz-Rivera, 190 Wn. App.  870, 890, 361 P.3d 182 (2015); State v. Nguyen, 191 Wn.2d 671, 678, 425 P.3d 847 (2018).

    The sentencing court was authorized to impose discretionary community custody conditions as part of a sentence pursuant to RCW 9.94A.703(3).  A court may order offenders to "[p]articipate in crime-related treatment or counseling services[,] . . . [p]articipate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community."  RCW 9.94A.703(3)(c), (d).  Because the sentencing court was authorized by law to order Eck to participate in crime related programs, we review the sentencing court's community custody condition for an abuse of discretion.

    Thinking for a Change is a program that provides participants with a process for self-reflection concentrated on uncovering antisocial thoughts, feelings, attitudes, and

No. 80879-6-I/4

beliefs.[2]  The sentencing court imposed this program as a result of Eck's domestic violence felony violation of a court order and to assist in mental health evaluation and treatment, substance use evaluation and treatment, and grief counseling.

A court does not abuse its discretion if a reasonable relationship exists between the crime of conviction and the condition of community custody.  State v. Irwin, 191 Wn. App. 644, 658-59, 364 P.3d 830 (2015).  The court did not abuse its discretion in requiring Thinking for a Change as a condition to Eck's community custody.  Eck violated a no-contact order.  Requiring Eck to undergo a program that teaches him social skills and self-awareness of how his actions may impact others is not so unrelated as to overcome this standard.  Put differently, imposition of this program is not such that no reasonable person would adopt the sentencing court's view.  State v. Sutherland, 3 Wn. App. 20, 21, 472 P.2d 584 (1970).

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____               _____
Andrus, A.C.J.                                                    Verellen, J.

---

[2] Program Profile: Thinking for a Change, OFF. OF JUST. PROGRAMS: CRIMESOLUTIONS (May 4, 2012), https://crimesolutions.ojp.gov/ratedprograms/242.