IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 80673-4-I |
| Respondent, | DIVISION ONE |
| v. | |
| B.J.N., | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. —B.J.N. appeals an order of restitution and community custody term. We remand for the trial court to strike the restitution and, as addressed in a linked case, State v. B.J.N., No. 80672-6-I, to impose the community custody terms concurrently.

## I. BACKGROUND

After a trial, the trial court found 16-year-old B.J.N. guilty of fourth degree assault. Over B.J.N.'s objection, the court ordered her to pay $367.72 in restitution for the cost of the victims' interpreter services. The trial court also imposed a six-month term of community custody to run consecutively with the six-month term imposed in the linked appeal.

## II. ANALYSIS

A. Restitution

B.J.N. says that the trial court lacked statutory authority to impose restitution for the cost of the victims' interpreter services. We agree.

Citations and pin cites are based on the Westlaw online version of the cited material.

We limit our review of a juvenile court's restitution order to whether statutory authority exists for the imposed restitution. State v. J.P., 149 Wn.2d 444, 449, 69 P.3d 318 (2003). We review de novo the interpretation of a statute. Id.

RCW 13.40.190(1) and (2), which define in part the circumstances in which a court may impose restitution in a disposition order, do not list interpreter fees as allowable forms of restitution. And RCW 13.40.020(26) does not include interpreter fees in its definition of restitution.[1] The State says that because RCW 13.40.190(2) requires restitution if a victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW, and the Crime Victims Compensation fund paid for interpreter services, the trial court had statutory authority to order restitution for interpreter services. But B.J.N. correctly responds that even though the Crime Victims' Compensation fund paid for the interpreter services, nothing in chapter 7.68 RCW entitles a victim to restitution for interpreter services. That the Crime Victims' Compensation fund paid for

---

[1] RCW 13.40.020(26) defines restitution as

financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, lost wages resulting from physical injury, and costs of the victim's counseling reasonably related to the offense. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses. Nothing in this chapter shall limit or replace civil remedies or defenses available to the victim or offender.

interpreter services does not yield the conclusion that the victims were entitled to restitution for such services under chapter 7.68 RCW.[2]

B. Community Custody Term

The trial court imposed consecutive six-month terms of community custody for the disposition here and the disposition in the linked appeal. B.J.N. says the court erred in imposing these terms consecutively, since RCW 13.40.180(2) requires that "[w]here disposition in separate disposition orders is imposed on a youth, the periods of community supervision contained in separate orders, if any, shall run concurrently." The State properly concedes that the two terms of community custody must run concurrently.

"A trial court's sentencing authority is limited to that granted by statute," and "[w]hether a sentencing court has exceeded its statutory authority is a question of law that we review de novo." State v. Button, 184 Wn. App. 442, 446, 339 P.3d 182 (2014). Use of the word "shall" is presumptively imperative and does not confer discretion. State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). Thus, the trial court erred by imposing the two community custody terms consecutively.

---

[2] The State hypothesizes, without meaningful support from the record, that the interpreter services could have been related to victim counseling, an allowable form of restitution under RCW 13.40.190(1)(b). But the record does not establish that these services were related to counseling.

We remand for the trial court to strike the restitution ordered for interpreter services[3] and to impose community custody terms concurrently.

WE CONCUR:

Chun, J.

Dwyer, J.

---

[3] Given our conclusion, we do not reach B.J.N.'s argument in the alternative that we should remand the restitution order to the trial court for an evidentiary hearing as to whether interpreter services were necessary.