IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56302-9-II |
| Respondent, | |
| v. | |
| ORLANDO BERNARD BYRD, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Orlando Bernard Byrd appeals his sentence for second degree theft.[1]

He argues that the trial court exceeded its authority by ordering a domestic violence evaluation

and treatment as an affirmative condition of his felony sentence because his conviction is not

subject to community custody. The State concedes, and we agree and remand to the trial court to

strike the condition from Byrd's felony judgment and sentence.

FACTS

The State charged Byrd with first degree robbery and felony harassment. Byrd ultimately

pleaded guilty to amended charges of second degree theft, fourth degree assault, and violation of

a no contact order, each with a domestic violence designation. As part of Byrd's sentence for

second degree theft, the trial court ordered Byrd to undergo a domestic violence evaluation and

follow up with treatment as recommended.

_____

[1] On the same day, Byrd was also sentenced to two misdemeanors—fourth degree assault and violation of a protection order. Those sentences are not on appeal.

Byrd appeals his felony judgment and sentence.

ANALYSIS

Byrd argues that the trial court exceeded its authority by ordering him to undergo a domestic violence evaluation and treatment as a condition of his sentence for second degree theft. The State concedes, and we agree.

A trial court's sentencing authority is restricted to that granted by statute. *State v. Button*, 184 Wn. App. 442, 446, 339 P.3d 182 (2014). We review claims that a trial court has exceeded its statutory sentencing authority de novo. *Button* 184 Wn. App. at 446. Under RCW 9.94A.505(9), a trial court may impose affirmative conditions to a sentence only if expressly authorized by the Sentencing Reform Act of 1981. *Button* 184 Wn. App. at 447. A trial court may not impose affirmative conditions on offenders who are not subject to a term of community custody. *See In re Postsentence Review of Childers,* 135 Wn. App. 37, 41, 143 P.3d 831 (2006) (court erred in sentencing offender to chemical dependency conditions where offender was not subject to term of community custody).

Here, requiring Byrd to undergo a domestic violence evaluation and treatment as part of his felony sentence amounts to an affirmative condition. *See State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013). Such an affirmative condition is not authorized for Byrd's sentence because Byrd is not subject to community custody as part of his conviction for second degree theft. *See* RCW 9.94A.701(1)-(3); *see also* RCW 9.94A.702. Accordingly, the trial court

lacked the authority to order a domestic violence evaluation and treatment as a condition of

Byrd's sentence and it must be stricken from his felony judgment and sentence.[2]

We remand.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Veljacic, J.

Price, J.

---

[2] The State concedes this issue but also argues that the trial court did have authority to order domestic violence evaluation and treatment for his fourth degree assault and violation of a no contact order convictions. Byrd has not appealed that sentence, and therefore we do not address it.