# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57498-5-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| SEAN LEONARD, | |
| Respondent. | |

GLASGOW, C.J.—Sean Leonard shoved a friend during an argument, causing significant injuries due to the friend's previously undiscovered pre-existing condition. The State charged Leonard with second degree assault and a jury convicted him.

At sentencing, the trial court found several mitigating factors supporting an exceptional downward sentence, but it did not impose an exceptional downward sentence. The trial court imposed a three-month sentence at the low end of the standard range but ordered Leonard to serve the term on electronic home monitoring instead of in jail.

The State appeals. It argues that a statute prevents the trial court from allowing Leonard to serve his sentence for a violent offense on electronic home monitoring.

We reverse and remand for resentencing. A trial court cannot impose a sentence involving home detention for a defendant convicted of a violent offense, except in limited circumstances not applicable here. The legislature, which has plenary authority to set criminal punishments, has not

made home detention available to violent offenders as an exceptional sentence. But Leonard can request an exceptional sentence below the standard range on remand.

FACTS

Leonard shoved a friend during an argument about money, knocking him down. The friend hit the base of his head when he fell. Because of a previously undiscovered pre-existing condition, the injury to his spinal cord resulted in permanent impairments. The State charged Leonard with second degree assault and a jury convicted him.

Leonard had no recent criminal history, so the standard range for second degree assault was three to nine months. "Alternatives to total confinement are available for offenders with sentences of one year or less." RCW 9.94A.680. For example, a court may substitute "[o]ne day of partial confinement . . . for one day of total confinement." RCW 9.94A.680(1). Partial confinement includes electronic home monitoring. RCW 9.94A.030(29), (35).[1] But RCW 9.94A.734(1) bars defendants convicted of certain listed offenses from receiving home detention sentences. The list includes violent offenses. RCW 9.94A.734(1)(a). Second degree assault is a violent offense. RCW 9.94A.030(58)(a)(viii).

The State requested a sentence near the middle of the standard range: five months of total confinement. Leonard requested what he characterized as an exceptional sentence, seeking a three-month sentence, which was the low end of the standard range, to be served on electronic home monitoring. He argued that mitigating factors supported an exceptional downward sentence and that electronic home monitoring was a legal means of serving his sentence.

---

[1] We cite to the current version of the statute because the relevant language has not changed.

The trial court entered findings of fact and conclusions of law that would support an exceptional downward sentence. It found that the argument between Leonard and the victim was "over a personal transaction" and that the victim contributed to his own injury by trying to stop Leonard from leaving the argument, causing Leonard to shove him. Clerk's Papers (CP) at 34. The trial court found that the victim had testified that he did not want Leonard to serve jail time if convicted. The trial court also considered that Leonard had maintained "law-abiding behavior" since the offense. CP at 35.

The trial court concluded that the case "presented facts . . . not anticipated by the legislature," including the victim's pre-existing condition "that contributed to the injuries ultimately suffered." CP at 34-35. And it reasoned that evidence from the trial "supported a finding that the victim was a willing participant or provoked the assault" by trying to stop Leonard from walking away. CP at 35. The trial court further considered that the victim's injuries were "not intentional nor anticipated by the defendant." CP at 35.

The trial court imposed a standard range sentence of three months. However, the trial court ordered that the sentence be served on electronic home monitoring despite the conviction being for a violent offense. The trial court also imposed 12 months of community service. In support of the sentence, the trial court concluded that based on *State v. Pascal*, 108 Wn.2d 125, 746 P.2d 1065 (1987), "after a finding that an exceptional sentence is permitted, the court has discretion to sentence the defendant to partial confinement for a violent offense." CP at 35.

The State moved for reconsideration, arguing *Pascal* was decided before the legislature adopted the statute prohibiting courts from imposing home detention on defendants who had

committed violent offenses. It contended that under the current statute, RCW 9.94A.734, home detention was not a legally permissible way for Leonard to serve his sentence.

The trial court denied the motion for reconsideration. It cited *State v. Smith*, 124 Wn. App. 417, 102 P.2d 158 (2004), to conclude that when a trial court finds an exceptional sentence is appropriate, the court can decide not to impose *any* "full-time incarceration." CP at 41. It concluded that "application of [electronic home monitoring] in this case is both permissible and appropriate." CP at 41.

The State appeals.

ANALYSIS

As a preliminary matter, Leonard contends that the State's appeal is moot because he has already served his sentence.[2]  We disagree.

The Washington Supreme Court has said that "[t]he expiration of a sentencing term technically renders a case moot." *State v. T.J.S.-M.*, 193 Wn.2d 450, 454, 441 P.3d 1181 (2019). But in *T.J.S-M*, *the defendant* appealed their sentence, so the Supreme Court could not offer effective relief once the full sentence had been served, making the case technically moot. *Id.* Here, the State seeks review of an exceptional mitigated sentence, and if successful, it is possible that the trial court could impose a term of confinement on remand. *See e.g., State v. Freitag*, 127 Wn.2d 141, 145, 896 P.2d 1254 (1995) (remanding to replace an exceptional downward community service sentence with a standard range sentence of total confinement). Leonard argues the trial court's reasoning indicates it would not impose any term of confinement in jail, but the

---

[2] Even though our commissioner denied a motion to dismiss based on mootness and Leonard did not move to modify that decision, we exercise our discretion to reach this issue.

record does not establish what the court would have done had electronic home monitoring not been an option. Thus, whether the trial court improperly imposed electronic home monitoring is not a moot issue.

Turning to the merits, the State argues that the trial court exceeded its authority by allowing Leonard to serve his sentence on electronic home monitoring. It contends RCW 9.94A.734(1)(a) prohibits defendants convicted of violent offenses from receiving home detention sentences and that second degree assault is a violent offense. Leonard argues that because the trial court found factors justifying an exceptional downward sentence, the court was permitted to impose an otherwise unavailable sentence, such as electronic home monitoring, or even a sentence involving no confinement at all. We agree with the State.

"A trial court may only impose a statutorily authorized sentence," and an action that exceeds a trial court's sentencing authority is void. *State v. Paulson*, 131 Wn. App. 579, 588, 128 P.3d 133 (2006). "Whether a sentencing court has exceeded its statutory authority is a question of law that we review de novo." *State v. Button*, 184 Wn. App. 442, 446, 339 P.3d 182 (2014).

RCW 9.94A.734(1) prohibits defendants convicted of listed offenses, including violent ones, from receiving home detention sentences for those convictions unless "imposed as partial confinement in the department's parenting program . . . or the graduated reentry program." Second degree assault is a violent offense. RCW 9.94A.030(58)(a)(viii). Therefore, home detention or electronic home monitoring is not a form of partial confinement generally available to a defendant convicted of second degree assault.

Leonard argues a court may impose an exceptional sentence that includes partial confinement that would not otherwise be available, so long as the trial court has made findings

5

that would have supported an exceptional sentence. The Sentencing Reform Act does not define "exceptional sentence." But RCW 9.94A.535, the statute governing departures from the sentencing guidelines, states that a trial court that finds substantial and compelling reasons for an exceptional sentence "may impose a sentence outside the standard sentence *range*." RCW 9.94A.535 (emphasis added). This description contemplates trial courts will impose sentences with *durations* that are exceptional in that they fall outside of the standard sentencing range. RCW 9.94A.535 does not contemplate any other type of exceptional sentence.

Moreover, a trial court's findings made to support an exceptional sentence under RCW 9.94A.535 do not give the trial court carte blanche to disregard all of the legislature's controls on sentencing. The Washington Supreme Court recently emphasized that fixing criminal punishments is the legislature's prerogative under the separation of powers doctrine, limited only by constitutional prohibitions on cruel and unusual punishment. *In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 591, 520 P.3d 939 (2022). And the Supreme Court emphasized, that we must not "encroach[] on the legislature's plenary authority to set criminal punishments." *Id.* at 592. Thus, the trial court in *Forcha-Williams* could not impose a determinate sentence where the legislature required an indeterminate one with an inflexible maximum sentence. *Id.* at 593.

The prohibition on home detention for defendants convicted of violent offenses is not a provision about the duration of a sentence or the standard range under RCW 9.94A.535. Instead, RCW 9.94A.734(1)(a) specifically states, "Home detention may not be imposed" for defendants convicted of "[a] violent offense." And the statute identifies certain exceptions not applicable here, if the home detention is part of a parenting or reentry program. RCW 9.94A.734(1). The legislature

6

has not provided a similar exception for instances where a trial court has made findings to support an exceptional sentence, though the legislature could have.

The trial court initially relied on *Pascal* to support its authority to impose a sentence involving electronic home monitoring. *Pascal* was decided in 1987. *See* 108 Wn.2d at 125. RCW 9.94A.734, the statute prohibiting home detention for defendants convicted of violent offenses, was adopted eight years later. LAWS OF 1995, ch. 108, § 2. Additionally, the *Pascal* court addressed the *grounds supporting* the exceptional downward sentence in that case, not whether the partial confinement portion of the sentence was legal. 108 Wn.2d at 138. The State did not even challenge the conversion of part of Pascal's sentence to partial confinement. *Id*. at 138, n.2. Thus, *Pascal* does not authorize imposing electronic home monitoring as an exceptional sentence.

Next, on reconsideration, the trial court relied on *Smith*. In that case, the sentencing court imposed and this court affirmed a one-day sentence of total confinement for a defendant convicted of three counts of second degree assault for firing a single gunshot at her abusive ex-husband and his friends. *Smith*, 124 Wn. App. at 437-38. Similar to *Pascal*, *Smith* addressed whether the trial court erred in departing from the standard range and whether it had sentenced the defendant too leniently. *Id*. *Smith* did not address a partial confinement sentence, much less one expressly prohibited by RCW 9.94A.734. The trial court's reliance on *Smith* for that purpose was misplaced. Thus, the trial court also erred in denying the State's motion for reconsideration.

Thus, we conclude that the trial court exceeded its sentencing authority when it allowed Leonard to serve his sentence on electronic home monitoring even though his conviction was for a violent crime. We must remand for resentencing. Leonard may request an exceptional sentence below the standard range on remand.

No. 57498-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Cruser, A.C.J.

Veljacic, J.