**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**JANUARY 10, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,      )
                )      No.  38382-2-III
        Respondent,    )
                )
    v.             )
                )
STEVEN ALLEN BUCK,      )      PUBLISHED OPINION
                )
        Appellant.     )

STAAB, J. — As part of Steven Buck's sentence for escaping community custody and failing to register as a sex offender, the court imposed 36 months of community custody to run consecutively to any other outstanding term of community custody.  Buck also had an outstanding term of community custody from a 2016 offense for failing to register as a sex offender.  On appeal, Buck argues that the aggregate amount of community custody is outside the sentencing guidelines provided in RCW 9.94A.589(5) which only allows for a maximum of 24 months of consecutive community supervision for a non-exceptional sentence.  Despite the State's concession, we hold that the limitations in RCW 9.94A.589(5) relate to community supervision rather than community custody and do not apply to Buck's sentence.  Consequently, we affirm his sentence.

No. 38382-2-III
*State v. Buck*

## BACKGROUND

In 2016, Buck was convicted of failing to register as a sex offender. Following his conviction, he received a 43-month sentence and 36 months of community custody. Buck was released from prison in April 2020 and was still on community custody from his 2016 conviction. Although Buck provided a registered address, the assigned deputy visited this address on three separate occasions in one month and could not locate anyone on the premises. The matter was eventually turned over to the prosecutor's office, and Buck was charged with escape from community custody and failure to register as a sex offender.

A jury found Buck guilty of count 1: escape from community custody, and count 2: failure to register as a sex offender (3rd or subsequent offense). At sentencing, the court imposed a prison sentence of 12 months on count 1, and 57 months on count 2. The court also imposed a sentence of 36 months of community custody on count 2. The court ordered the new community custody sentence to run consecutively to the community custody sentence from 2016 "or any current term of community custody," resulting in an aggregate amount of 72 months of community custody. Buck appeals.

## ANALYSIS

Under Washington law, a trial court's sentencing authority "is limited to that expressly found in the statutes." *State v. Phelps*, 113 Wn. App. 347, 354, 57 P.3d 624 (2002). In addition, "[i]f the statutory provisions are not followed, the action of the court

2

No. 38382-2-III
*State v. Buck*

is void." *Id*. at 354-55. Statutory interpretation is a question of law and is reviewed de novo. *State v. Evans*, 177 Wn.2d 186, 191, 298 P.3d 724 (2013). When statutes conflict, "courts generally give preference to the more specific and more recently enacted statute." *Gorman v. Garlock, Inc*., 155 Wn.2d 198, 210, 118 P.3d 311 (2005) (quoting *Tunstall v. Bergeson*, 141 Wn.2d 201, 211, 5 P.3d 691 (2000)).

The first sentence of RCW 9.94A.589(5) states, "[i]n the case of consecutive sentences, all periods of total confinement shall be served before any partial confinement, community restitution, community supervision, or any other requirement or conditions of any of the sentences." The second sentence of the statute addresses restrictions on sentencing regarding community supervision. It reads "if two or more sentences that run consecutively include periods of *community supervision*, the aggregate of the community supervision period shall not exceed twenty-four months." RCW 9.94A.589(5) (emphasis added).

Buck argues that 72 months of aggregate community custody violates this statutory provision, and the State concedes. We disagree. Community custody is not the same as community supervision. Therefore, the sentencing restriction in RCW 9.94A.589(5) does not apply here. *Rusan's, Inc. v. State*, 78 Wn.2d 601, 606, 478 P.2d 724 (1970) (courts are not bound to accept a party's stipulation or concession to questions of statutory interpretation).

3

No. 38382-2-III
*State v. Buck*

Prior to 2000, a felony offender could be sentenced to several forms of supervision, such as community placement, community custody, and post-release community supervision. S.B. REP. ON H.B. 2719, at 1, 60th Leg., Reg. Sess. (Wash. 2008). Community supervision means "a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court pursuant to this chapter or RCW 16.52.200(6) or 46.61.524." LAWS OF 2000, ch. 28, § 2. In contrast, community custody means "that portion of an offender's sentence of confinement in lieu of earned release time or imposed pursuant to RCW 9.94A.120 or RCW 9.94A.383, served in the community subject to controls placed on the offender's movement and activities by the department." *Id*.

In 1999, the legislature passed the Offender Accountability Act, RCW 72.09.589, .590, .904 , which changed all "community supervision" to "community custody" for those offenders who committed offenses after July 1, 2000. S.B. REP. ON H.B. 2719, at 2. However, the old regime needed to stay in place for offenders who committed acts prior to 2000. *Id*. These provisions relating to the older forms of community supervision have been generally moved to ch. 9.94B RCW, while the provisions in ch. 9.94A RCW now relate to community custody. A reading of the *Laws of* 2008 demonstrates the removal of most language relating to community supervision, community placement, and postrelease supervision from RCW 9.94A. *See generally* LAWS OF 2008, ch. 231.

4

No. 38382-2-III
*State v. Buck*

Buck was convicted of failing to register as a sex offender in 2016. He received a 43-month sentence and 36 months of community custody. In 2020, he was released from prison and was still on community custody from the prior conviction when he was sentenced on the new convictions in 2021. The trial court imposed another 36-month community custody term to run consecutively with his 2016 conviction term of community custody.

Buck was sentenced to community custody, not community supervision. Accordingly, RCW 9.94A.589(5), relating to a limitation on *community supervision* for aggregate sentences, does not apply. Therefore, the court properly sentenced Buck to 36 months of community custody as required in RCW 9.94A.701(1)(a) for sex offenses. In addition, section 2 under the statute allows for community custody to run consecutively rather than concurrently if expressly ordered by the sentencing court, as occurred here. *See* RCW 9.94A.589(2)(a).

Even if we were to find that RCW 9.94A.589(5) and RCW 9.94A.701(1) conflict, statutory construction dictates the same outcome. The 24-month restriction for "community supervision" in RCW 9.94A.589(5) was inserted into the statute in 1988.[1] RCW 9.94A.701(1)(a), relating to the imposition of 3 years of "community custody," was

---

[1] LAWS OF 1988, ch. 143, § 24.

No. 38382-2-III
*State v. Buck*

inserted into the statute in 2009.[2]  The more recent statute indicates that the legislature

intended a sentence of 36 months of community custody.  *Gorman*, 155 Wn.2d at 210.

Because Buck's 36-month sentence of community custody does not violate RCW

9.94A.589(5), it was authorized.

Affirmed.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, A.C.J.

---

[2] LAWS OF 2009, ch. 375, § 5.

6