**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MARCH 14, 2024

Gonzáles, C.J.
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MARCH 14, 2024

ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 101703-1 |
| Respondent, | |
| | En Banc |
| v. | |
| STEVEN ALLEN BUCK, | Filed: March 14, 2024 |
| Petitioner. | |

WHITENER, J.— In 2016, Steve Buck was convicted of felony failure to register as a felony sex offender (Felony Failure to Register) and sentenced to a prison term followed by a mandatory 36 months of community custody. He served his prison term and was released to community custody. In 2021, Buck was again convicted of Felony Failure to Register in addition to escape from community custody (Escape from Community Custody). He was sentenced to a prison term followed by an additional mandatory 36 months of community custody. At sentencing, the trial court ran Buck's 2021 community custody term consecutively to the 2016 community custody term, requiring Buck to serve 72 months of community custody in the aggregate. This case concerns the second sentence of RCW 9.94A.589(5), which prohibits nonexceptional consecutive terms of

community supervision from exceeding 24 months in the aggregate, and whether the sentence's 24 month limit applies to terms of community custody.

On appeal, Buck argued that the trial court exceeded its statutory authority under the second sentence of RCW 9.94A.589(5) when it imposed consecutive terms of community custody that in the aggregate amounted to 72 months.

The Court of Appeals affirmed the trial court's sentence. It concluded that the second sentence of RCW 9.94A.589(5) did not apply to Buck's sentence because it addresses only community supervision and Buck was sentenced to community custody. *State v. Buck*, 25 Wn. App. 2d 120, 122, 522 P.3d 1010 (2023).

We reverse. After employing the canons of statutory interpretation, "community supervision" and "community custody" are synonymous within the second sentence of RCW 9.94A.589(5) for offenses that occurred after July 1, 2000. The second sentence of RCW 9.94A.589(5) prohibits nonexceptional consecutive terms of community custody from exceeding 24 months in the aggregate. Accordingly, the second sentence of RCW 9.94A.589(5) applies to Buck's sentence. We vacate and remand the community custody portion of Buck's sentence to the trial court for resentencing.

## FACTS AND PROCEDURAL HISTORY

I.        The 2016 Sentence

In 2016, Buck was convicted of Felony Failure to Register and was sentenced to 43 months of prison and a mandatory 36 months of community custody under RCW 9.94A.701(1)(a). Clerk's Papers (CP) at 167-73. Buck was released from prison around April 20, 2020. Tr. of Proc. (TP) at 85. For his community custody obligations, Buck was required to report weekly to his community corrections officer and did so until May 18, 2020. TP at 86-90. On July 1, 2020, the State filed two charges against Buck, Felony Failure to Register and Escape from Community Custody, and a warrant was issued for his arrest. CP at 1-3.

II.       The 2021 Sentence

In January 2021, Buck was arrested on the Felony Failure to Register and Escape from Community Custody warrant. TP at 308. At his jury trial, Buck testified to the difficulties he had had with his community custody reporting obligations while living in a remote part of Stevens County with a suspended license and no telephone, and trying to survive on an income from doing odd jobs for friends as a mechanic. TP at 236, 240, 242, 245. On July 27, 2021, Buck was found guilty of Felony Failure to Register and Escape from Community Custody. CP at 237. The trial court sentenced Buck to 57 months of prison with a mandatory 36 months of community custody pursuant to RCW 9.94A.701(1)(a) and did not order an exceptional sentence. CP at 239-40. Also, pursuant to RCW 9.94A.589(2)(a), and because Buck

3

failed to complete his 36 month term of community custody from his 2016 sentence, the trial court ran this outstanding 2016 community custody term consecutive to his 2021 current 36 month term of community custody. TP at 369; CP at 240. This resulted in an aggregate of 72 months of community custody. *Buck*, 25 Wn. App. 2d at 121-22.

III.     Appeal of the 2021 Sentence

Buck appealed and sought the vacatur and remand of the community custody portion of his 2021 sentence. Appellant's Br. at 8-9 (Wash. Ct. App. No. 38382-2-III (2022)). Buck requested that his mandatory 36 month community custody terms run concurrently, to not violate the second sentence of RCW 9.94A.589(5), which prohibits nonexceptional consecutive terms of community supervision from exceeding 24 months in the aggregate. *Id*. The State conceded the issue and requested the same remedy. Resp't's Br. at 8-9 (Wash. Ct. App. No. 38382-2-III (2022)). The Court of Appeals affirmed the trial court's sentence but held that the second sentence of RCW 9.94A.589(5) did not apply to Buck's community custody terms because it addresses only community supervision. *Buck*, 25 Wn. App. 2d at 122.

Both the State and Buck ask this court to reverse the Court of Appeals. They argue that the Court of Appeals erred when it held that the second sentence of RCW 9.94A.589(5) did not apply to Buck's sentence, as the plain meaning, statutory

context, and legislative history of RCW 9.94A.589(5) make clear that it did apply.

If ambiguous, Buck asks this court to apply the rule of lenity to adopt his interpretation of the second sentence of RCW 9.94A.589(5) when used in the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW: "the term 'community supervision' used in that section unambiguously refers to probation generally, including community custody." Suppl. Br. of Pet'r at 20.

## ANALYSIS

The meaning of a statute and whether a sentencing court has exceeded its statutory authority are questions of law that appellate courts review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002); *State v. Button*, 184 Wn. App. 442, 446, 339 P.3d 182 (2014).

I.      "Community supervision" is synonymous with "community custody"

Both the State and Buck ask this court to find that "community custody" and "community supervision" are synonymous under the second sentence of RCW 9.94A.589(5). The Court of Appeals held that the second sentence of RCW 9.94A.589(5) was inapplicable to Buck's sentence, as he was sentenced to community custody and not community supervision. *Buck*, 25 Wn. App. 2d at 124.

The second sentence of RCW 9.94A.589(5) states, "Except for exceptional sentences as authorized under RCW 9.94A.535, if two or more sentences that run consecutively include periods of community supervision, the aggregate of the

5

community supervision period shall not exceed twenty-four months." In other words, if there is more than one term of community supervision owed and those terms are running consecutively, the total of those terms cannot exceed 24 months, unless the court makes an exceptional sentence finding.

To find whether community supervision is in fact synonymous with community custody, we apply the canons of statutory interpretation.

   A.   Statutory interpretation — the plain meaning of "community supervision"

The fundamental objective of statutory interpretation is to ascertain and carry out the legislature's intent. *Campbell & Gwinn, LLC*, 146 Wn.2d at 9. If the statute's meaning is plain on its face, then we give effect to that plain meaning as an expression of legislative intent. *Id*. at 9-10. "To determine the 'plain meaning' of a statute, we look to the text, the context of the statute, related statutory provisions, and the statutory scheme as a whole." *State v. Valdiglesias LaValle*, 2 Wn.3d 310, 318, 535 P.3d 856 (2023) (citing *State v. Haggard*, 195 Wn.2d 544, 548, 461 P.3d 1159 (2020)).

"Community supervision" is not defined within chapter 9.94A RCW, therefore, we may use a dictionary to discern the plain meaning of an undefined statutory term. *In re Det. of D.H.*, 1 Wn.3d 764, 776-77, 533 P.3d 97 (2023). In 1988, the legislature added the prohibition of nonexceptional consecutive periods of

community supervision exceeding 24 months in the aggregate. LAWS OF 1988, ch. 143, § 24. "Community" is defined as "society at large." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 460 (1981). "Supervision" is defined as the "act, process, or occupation of supervising." *Id.* at 2296. Relying on these definitions, "community supervision" within RCW 9.94A.589(5) is any "act, process, or occupation of supervising" persons within "society at large." This definition would include community custody. As defined in RCW 9.94A.030(5), "community custody" is a "portion of an offender's sentence … served in the community subject to controls placed on the offender's movement and activities by the department." Those placed on community custody are supervised by community correction officers, who are "responsible for carrying out specific duties in supervision of sentenced offenders and monitoring of sentence conditions." RCW 9.94A.030(4).

The neighboring RCW chapter, chapter 9.94B RCW, contains a statutory definition of "community supervision." "Community supervision" is defined as

> a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court pursuant to this chapter or RCW 16.52.200(6) or 46.61.524.

RCW 9.94B.020(2) (reviser's note omitted). The legislature's purpose for this neighboring chapter and its provisions are explained in the two subsections of RCW

7

9.94B.010, which helps place the statutory definition of "community supervision" in RCW 9.94B.020(2) in its proper context.

RCW 9.94B.010(1) states that "[chapter 9.94B RCW] codifies sentencing provisions that may be applicable to sentences for crimes committed prior to July 1, 2000." This leads to a conclusion that the statutory definition of "community supervision" in RCW 9.94B.020(2) is inapplicable to the second sentence of RCW 9.94A.589(5) and Buck's sentence because chapter 9.94B RCW's provisions are only applicable to sentences for crimes that are committed prior to July 1, 2000; RCW 9.94A.589(5) is in a different chapter and Buck was sentenced for crimes that occurred after July 1, 2000.

RCW 9.94B.010(2) makes chapter 9.94B RCW supplement chapter 9.94A RCW and requires that provisions in chapter 9.94B RCW be read in conjunction with chapter 9.94A RCW. This leads to another conclusion, that the statutory definition of "community supervision" in RCW 9.94B.020(2) is applicable to the second sentence of RCW 9.94A.589(5). Multiple reasonable interpretations of "community supervision" within the second sentence of RCW 9.94A.589(5) creates ambiguity. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) ("A statute is ambiguous when, after examination, we find 'that it is subject to more than one reasonable interpretation.'" (quoting *City of Seattle v. Winebrenner*, 167 Wn.2d 451, 456, 219 P.3d 686 (2009))).

8

One interpretation of RCW 9.94A.589(5)'s second sentence, recommended by the Court of Appeals, is "community supervision" is not synonymous with "community custody" and refers only to "community supervision" as defined in RCW 9.94B.020(2). *Buck*, 25 Wn. App. 2d at 124-25. As a result, RCW 9.94A.589(5)'s second sentence does not apply to terms of community custody, only community supervision.

Another interpretation of RCW 9.94A.589(5)'s second sentence, recommended by Buck and the State, is "community supervision" in the second sentence of RCW 9.94A.589(5) does not refer only to "community supervision" as defined in RCW 9.94B.020(2), it also includes community custody. Therefore, the second sentence of RCW 9.94A.589(5) applies to terms of community custody, as well as community supervision.

> B.    Statutory interpretation — the legislative history concerning RCW 9.94A.589(5)

If statutory language is susceptible to more than one reasonable interpretation, it is ambiguous, and we may resort to extrinsic aids such as legislative history to resolve the ambiguity. *Filo Foods, LLC v. City of SeaTac*, 183 Wn.2d 770, 785-86, 357 P.3d 1040 (2015). Here, the legislative history is instructive.

With the SRA, the legislature removed a significant amount of discretion from sentencing judges in an attempt to avoid disparate sentences for the same crimes.

Joseph P. Bennett, Note, *The "Same Criminal Conduct" Exception of the Washington Sentencing Reform Act: Making the Punishment Fit the Crimes*, 65 WASH. L. REV. 397, 400 (1990). The legislature directed the Sentencing Guidelines Commission to recommend under what circumstances concurrent or consecutive sentences were appropriate. *Id*. The legislature largely adopted the commission's recommendations and codified them into the SRA as RCW 9.94A.400, which is today's RCW 9.94A.589. FINAL LEGISLATIVE REPORT, 48th Leg. (Wash. 1983). In 1988, the legislature added what we refer to as the second sentence of RCW 9.94A.589(5), the prohibition of nonexceptional consecutive periods of community supervision exceeding 24 months in the aggregate. LAWS OF 1988, ch. 143, § 24.

With the SRA, the legislature essentially abolished Washington's parole system and left in its place a patchwork postrelease supervision system with multiple programs that were difficult for the Department of Corrections to administrate. FINAL LEGISLATIVE REPORT, 56th Leg. (Wash. 1999). In 1999, the legislature sought to simplify the postrelease supervision system for the Department of Corrections and made community custody the sole postrelease program for offenses committed after July 1, 2000, phasing out other programs such as postrelease supervision and community supervision. *State v. Bigsby*, 189 Wn.2d 210, 217, 399 P.3d 540 (2017); FINAL LEGISLATIVE REPORT, 56th Leg. (Wash. 1999) ("Community supervision for sex offenses, violent offenses, crimes against persons, and felony drug offenses

committed after July 1, 2000, is community custody."). However, the legislature left the statutory provisions relating to old programs like postrelease supervision and community supervision in place to maintain the programs as they were being phased out. *Bigsby*, 189 Wn.2d at 217.

In 2008, the legislature revisited the issue of postrelease supervision because the remaining statutory provisions relating to postrelease supervision and community supervision remained a source of confusion. *Id*. To fix this confusion, the legislature moved provisions concerning the old types of postrelease supervision programs, such as community supervision and postrelease supervision, to a newly created chapter, chapter 9.94B RCW, and made all provisions in chapter 9.94A RCW relate to community custody. *Id*. at 220; FINAL LEGISLATIVE REPORT, c. 231, l. 08, 60th Leg., (Wash. 2008) ("The statutes relating to the supervision of offenders in the community are reorganized. All supervision in the community is called 'community custody.' Provisions relating to the conditions of an offender's supervision are consolidated into [RCW 9.94A]. Provisions relating to older forms of supervision are moved to a new chapter in Title 9 RCW."); RCW 9.94B.010. In 2020, the legislature amended RCW 9.94A.589 to include a presumption of multiple community custody terms running concurrently unless expressly ordered otherwise, even if the prison terms were running consecutively. SUBSTITUTE H.B. 2394, at 2-4, 66th Leg., Reg. Sess. (Wash. 2020). There, the House Bill Report for the 2020

11

amendment used "community custody" in lieu of "community supervision" when discussing the second sentence of RCW 9.94A.589(5). H.B. REP. ON H.B. 2394, at 2, 66th Leg., Reg. Sess. (Wash. 2020) ("In the case of consecutive sentences, all periods of confinement must be served before community custody. If two or more consecutive sentences include periods of community custody, the aggregate of the community custody period may not exceed 24 months.").

The legislative history helps clarify that within chapter 9.94A RCW, the legislature intended to equate "community supervision" with "community custody" for offenses that occurred after July 1, 2000. FINAL LEGISLATIVE REPort, 56th Leg., (Wash. 1999) ("Community supervision for sex offenses, violent offenses, crimes against persons, and felony drug offenses committed after July 1, 2000, is community custody."). All provisions in chapter 9.94A RCW were intended to regulate community custody and all the provisions in chapter 9.94B RCW were intended to regulate older forms of supervision. FINAL LEGISLATIVE REPORT, 60th Leg. (Wash. 2008). RCW 9.94A.589(5) is located in chapter 9.94A RCW, which regulates community custody. Therefore, with the aid of legislative history, the second sentence of RCW 9.94A.589(5) is applicable to "community custody" and it prohibits nonexceptional consecutive periods of community custody from exceeding 24 months in the aggregate.

II.     The second sentence of RCW 9.94A.589(5) applies to Buck's sentence

A sentencing court may, when there are multiple outstanding sentences, have its sentence run concurrently or consecutively to other outstanding sentences. *State v. Grayson*, 130 Wn. App. 782, 783, 125 P.3d 169 (2005) ("The sentence must either be concurrent with another sentence or consecutive to it."). RCW 9.94A.589 and its predecessor, RCW 9.94A.400, are broad in scope. The statute is titled "Consecutive or concurrent sentences," and it was created by the legislature to clarify how courts determine whether sentences are served consecutively or concurrently. *State v. Westwood*, 2 Wn.3d 157, 161, 534 P.3d 1162 (2023).

The subsections of RCW 9.94A.589 exhaust the different scenarios for multiple outstanding sentences and instructs courts as to how they may run those multiple sentences. Subsection (1)(a) concerns sentencing multiple "current" offenses. RCW 9.94A.589. Subsection (1)(b) concerns sentencing multiple offenses arising from "separate and distinct" criminal conduct. *Id*. Subsection (2)(a) concerns sentencing for an offense that occurred while already under another felony sentence. *Id*. Subsection (3) concerns sentencing when there are sentences from other jurisdictions such as "any court in this or another state or by a federal court." *Id*.

The second sentence of RCW 9.94A.589(5) unambiguously places a limit on *all* nonexceptional consecutive periods of community supervision. It does not

contain a modifier limiting its mandate to some types of nonexceptional consecutive periods of community supervision.

Buck's offenses occurred after July 1, 2000, his sentence was not exceptional, and his sentence contained consecutive terms of community custody. Therefore, the second sentence of RCW 9.94A.589(5) applies to Buck's community custody terms. We reverse the Court of Appeals.

III.    There is no conflict between RCW 9.94A.701(1)(a), RCW 9.94A.589(2)(a), and RCW 9.94A.589(5)

If statutes conflict, we apply recognized principles of statutory construction to arrive at the legislature's intent. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). The legislature's intent must be respected, and we must find a way to reconcile and give effect to the conflicting statutes. *Wash. State Ass'n of Counties v. State*, 199 Wn.2d 1, 12, 502 P.3d 825 (2022).

In dicta, the Court of Appeals briefly discussed a potential conflict between RCW 9.94A.701(1)(a) and RCW 9.94A.589(5):

> Even if we were to find that RCW 9.94A.589(5) and RCW 9.94A.701(1) conflict, statutory construction dictates the same outcome. The 24-month restriction for "community supervision" in RCW 9.94A.589(5) was inserted into the statute in 1988. RCW 9.94A.701(1)(a), relating to the imposition of 3 years of "community

14

custody," [(for certain crimes)] was inserted into the statute in 2009.

The more recent statute indicates that the legislature intended a

sentence of 36 months of community custody.

*Buck*, 25 Wn. App. 2d at 125 (footnotes omitted). The three relevant statutory

provisions at Buck's sentencing are RCW 9.94A.701(1)(a), RCW 9.94A.589(2)(a),

and the second sentence of RCW 9.94A.589(5). Together, they create a sentencing

scheme, but they do not conflict.

RCW 9.94A.701 outlines which offenses require the imposition of community

custody and what the term length will be. Most important here is RCW

9.94A.701(1)(a), which states that "[a sentencing] court shall, in addition to the other

terms of the sentence, sentence the offender to community custody for three years"

for "sex offense[s] not sentenced under RCW 9.94A.507." Buck was convicted of

Felony Failure to Register, and with that conviction, the trial court was statutorily

bound under RCW 9.94A.701(1)(a) to impose a 36 month term of community

custody.[1] CP at 240.

The trial court was required to consider how its sentence would interact with

Buck's outstanding 36 month term of community custody from his 2016 sentence.

---

[1] Felony Failure to Register, RCW 9A.44.132(1)(b), is considered a "sex offense" under RCW 9.94A.030(47)(a)(v). RCW 9.94A.701(1)(a) mandates a three year (36 month) term of community custody for sex offenses not sentenced under RCW 9.94A.507. Felony Failure to Register is a "sex offense" that is not sentenced under RCW 9.94A.507, therefore RCW 9.94A.701(1)(a) mandates a 36 month term of community custody for those convicted of RCW 9A.44.132(1)(b), Felony Failure to Register.

Due to the timing of Buck's offenses, the trial court was obligated to consult RCW 9.94A.589(2)(a), which states:

> Whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term of confinement shall not begin until expiration of all prior terms of confinement. However, any terms of community custody shall run concurrently to each other, unless the court pronouncing the current sentence expressly orders that they be served consecutively.

In other words, if someone commits a new felony offense while serving the sentence of a prior felony conviction, the prison term for the newer offense will run consecutively to the prior felony's prison term, but if the prior felony and the new offense both have terms of community custody, the community custody terms will be run concurrently *unless* the court expressly orders them to be run consecutively.

The trial court correctly sentenced Buck pursuant to RCW 9.94A.589(2)(a). Buck's 2021 offenses occurred while he was still under another felony sentence, and while the 36 month community custody term from his 2016 sentence was outstanding. CP at 240. RCW 9.94A.589(2)(a) gives the trial court the discretion to run community custody terms concurrently or consecutively. In Buck's case, the trial

court exercised its discretion to order the 2021, 36 month term of community custody be served consecutively to Buck's 2016 outstanding 36 month term of community custody resulting in 72 months in total. *Id*.

However, RCW 9.94A.589(5) prohibits consecutive terms of community custody for *nonexceptional* sentences from exceeding 24 months in the aggregate. Here the trial court erred when it imposed a *nonexceptional* sentence with consecutive terms of community custody. The trial court was required to run the two mandatory 36 month terms of community custody concurrently or make an exceptional sentence finding to run the two terms consecutively

The statutes do not conflict. If a court is mandated to impose a period of three years of community custody under RCW 9.94A.701(1), it does not violate RCW 9.94A.589(5)'s prohibition of nonexceptional consecutive periods of community supervision exceeding 24 months in the aggregate. The trial court had the authority to impose its 2021 community custody term concurrently to Buck's outstanding 2016 community custody term. Its exercise of that authority was also consistent with all three statutes.

Even if the statutes were to conflict, the outcome would remain the same. With a statutory conflict, we apply recognized principles of statutory construction to arrive at the legislature's intent. *J.P.*, 149 Wn.2d at 450. We must respect the legislature's

intent and find a way to reconcile the conflicting statutes and give effect to each of them. *Wash. State Ass'n of Counties*, 199 Wn.2d at 12. Under the "general-specific" rule, a general statutory provision must yield to a more specific statutory provision. *Id.* at 13. "This does not mean that the more specific statute invalidates the general statute," the specific statute will be considered as an exception to, or qualification of, the general statute, regardless of whether it was passed before or after such general enactment. *Id.* RCW 9.94A.589(2)(a) is the broadest of all provisions, as it concerns sentencing for any felony committed while serving a sentence on a prior felony, and it gives the discretion to impose community custody terms consecutively or concurrently to other outstanding terms of community custody. It is not limited to specific offenses, nor does it mandate a specific length of term. The more specific provisions are RCW 9.94A.701(1)(a) and the second sentence of RCW 9.94A.589(5). RCW 9.94A.701(1)(a) concerns only "sex offenses" not sentenced under RCW 9.94A.507 and mandates a specific term of 36 months of community custody. The second sentence of RCW 9.94A.589(5) concerns only nonexceptional sentences that are consecutive and mandates a specific limit of 24 months in the aggregate. Applying the "general-specific" rule, RCW 9.94A.589(2)(a) is the general rule, allowing either consecutive or concurrent terms of community custody, however, when a 36 month term of community custody is imposed under RCW 9.94A.701(1), then the second sentence of RCW 9.94A.589(5) makes it an exception

to RCW 9.94A.589(2)(a): the court may impose the term only concurrently. This application of the "general-specific" rule is the most consistent with the legislature's intent. We must respect the legislature's intent when reconciling the conflicting statutes. *Wash. State Ass'n of Counties*, 199 Wn.2d at 12.

The legislative history shows there is a preference for shorter periods of postrelease supervision. When RCW 9.94A.589 was amended in 2020, subsection (5) was left unchanged, but the legislature added a presumption of multiple terms of community custody terms running concurrently unless expressly ordered otherwise, even if the prison terms were running consecutively. SUBSTITUTE H.B. 2394, 66th Leg., Reg. Sess. (Wash. 2020). The House Bill Report for the 2020 amendments expanded on why it amended a preference for running community custody terms concurrently:

> Supervision is not designed to be punishment—incarceration is the punishment. To the contrary, supervision is a program oriented towards facilitating reentry and rehabilitation. Excessive terms of supervision do not help anyone.

H.B. REP. ON H.B. 2394, at 3, 66th Leg., Reg. Sess. (Wash. 2020). The second sentence of RCW 9.94A.589(5) is consistent with the SRA reforms and the general abolishment of parole and indeterminate sentences in Washington during the early

19

1980s, which led to longer prison sentences and less supervision of offenders in the community. WASH. STATE SENTENCING GUIDELINES COMM'N, *Sentencing Reform Act: Historical Background* (Oct. 2, 2023) https://sgc.wa.gov/sites/default/files/public/sgc/documents/historical.pdf [https://perma.cc/UZ37-7MTX]. The SRA largely discounted the importance of supervising offenders after their release. 13B SETH A. FINE, WASHINGTON PRACTICE: CRIMINAL LAW § 42:10, at 474-76 (3d. ed 2019).

The State agrees that the second sentence of RCW 9.94A.589(5) applies to Buck's community custody term, but it describes this as "unfortunate for the Washington public" as it is a "windfall for the offender." Resp't's Br. at 7 (Wash. Ct. App. No. 38382-2-III (2022)). The second sentence of RCW 9.94A.589(5) does not create a "windfall for the offender," as the second sentence of RCW 9.94A.589(5) applies only to *nonexceptional consecutive* periods of community custody. A trial court may still impose consecutive terms of community custody that are longer than 24 months in the aggregate by making an exceptional sentence finding. Additionally, an offender who absconds from community custody would face a potential prison sentence for Escape from Community Custody under RCW 72.09.310, a class C felony. The dissent writes that "if the trial court does not find grounds for an exceptional sentence, a person who commits two sex offenses (or more) will serve less community custody time than a person with only one

conviction." Dissent at 5. One convicted of two or more sex crimes does not serve less community custody time than a person with one sex crime conviction, they would simply serve two or more terms of 36 months of community custody concurrently unless an exceptional sentence finding was made. For both the State and the dissent, as the legislative history explains, the second sentence of RCW 9.94A.589(5) was a deliberate policy choice by the legislature to avoid excessive terms of postrelease supervision. If the statutes conflicted, this respect for legislative intent must guide a court reconciling the conflicting statutes. *Wash. State Ass'n of Counties*, 199 Wn.2d at 12. The dissent ignores this in their conflict analysis, concluding that Buck is to serve 6 years of community custody in the aggregate, a significantly longer period of community custody in contradiction of the legislative intent. Dissent at 7; H.B. REP. ON H.B. 2394, at 3. The statutes do not conflict.

IV.  Buck's consecutive terms of community custody, which total 72 months, violates the second sentence of RCW 9.94A.589(5)

It is well settled that "setting and altering criminal penalties is the sole prerogative of the legislature, and the judicial branch may intervene only when the legislature's chosen punishment violates the Eighth Amendment to the United States Constitution or article I, section 14 of the Washington Constitution." *In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 591-92, 520 P.3d 939 (2022). Thus, a trial court's sentencing authority is necessarily limited to that granted by statute. *Button*, 184 Wn. App. at 446. Where the trial court has no statutory authority to

21

impose a particular sentence, it is invalid and must be corrected. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 510 n. 9, 301 P.3d 450 (2013).

Within the second sentence of RCW 9.94A.589(5), "community supervision" is synonymous with "community custody" for offenses that occurred after July 1, 2000. The second sentence of RCW 9.94A.589(5) prohibits nonexceptional consecutive terms of community custody from exceeding 24 months in the aggregate. Here, the trial court erred when it imposed its 36 month term of community custody in 2021 consecutively to Buck's outstanding 36 month term of community custody from his 2016 sentence, resulting in 72 months of community custody. Buck's offenses occurred after July 1, 2000, and Buck's 2021 sentence was not an exceptional sentence. Therefore, the trial court did not have the authority under the second sentence of RCW 9.94A.589(5) to sentence Buck to consecutive community custody periods that exceeded 24 months in the aggregate.

CONCLUSION

We reverse the Court of Appeals and vacate and remand the community custody portion of Buck's sentence to the trial court for resentencing consistent with this opinion.

_____
Whitener, J.

WE CONCUR.

_____
González, C.J.

_____

_____
Johnson, J.

_____
Gordon McCloud, J.

_____

_____
Yu, J.

_____
Owens, J.

_____
Montoya-Lewis, J.

24

*State v. Buck (Steven A.)*

No. 101703-1

MADSEN, J. (dissenting)—Steven Buck was convicted of failure to register as a sex offender in 2016 and sentenced to a term of confinement, followed by 36 months of community custody as *required* by RCW 9.94A.701(1)(a). In 2021, while still under the requirements of his 2016 sentence, Buck was again convicted for failure to register as a sex offender. RCW 9A.44.132(1)(b). For his 2021 conviction, the trial court's sentence included 36 months of community custody—again, as *required* by RCW 9.94A.701(1)(a). Because Buck's 2021 conviction occurred while he was serving his sentence for his 2016 conviction, the trial court exercised its discretion under RCW 9.94A.589(2)(a) to run these terms of community custody consecutively for a total of 72 months.

The majority rejects this straightforward application of RCW 9.94A.589(2)(a) and RCW 9.94A.701(1) and instead holds that the 72-month sentence violates RCW 9.94A.589(5), which restricts a term of community custody to 24 months for nonexceptional sentences. In so holding, the majority creates a Gordian knot of consecutive, concurrent, and sex offense sentencing provisions. I respectfully disagree.

Analysis

Fundamental rules of statutory construction require that we determine the legislature's intent and that our interpretation does not nullify any relevant provision. We have consistently held that "'[s]tatutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *Spokane County v. Dep't of Fish & Wildlife*, 192 Wn.2d 453, 458, 430 P.3d 655 (2018) (quoting *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996)).

In my view, we must look beyond RCW 9.94A.589(5) and consider *all* the legislature has said on the subject in the relevant sentencing provisions and determine their applicability to the specific facts of a case. Here, RCW 9.94A.701(1) and .589(2)(a) plainly apply to the circumstances of this case and authorized the sentencing court to impose a total of 72 months of community custody.

To untangle the majority's knot, I begin at the beginning—with the statutory language. RCW 9.94A.701 states,

> (1) If an offender is sentenced to the custody of the department for one of the following crimes, the court *shall*, in addition to the other terms of the sentence, sentence the offender to community custody for *three years*.
>     (a) A sex offense.

(Emphasis added.)

RCW 9.94A.589 provides,

> (2)(a) Whenever a person *while under sentence for conviction of a felony commits another felony* and is sentenced to another term of confinement, the latter term of confinement shall not begin until expiration

2

of all prior terms of confinement. However, any terms of community
custody shall run concurrently to each other, *unless the court pronouncing
the current sentence expressly orders that they be served consecutively*.

(Emphasis added.)

In short, a trial court "shall" impose 3 years, or 36 months, of community custody when an offender is convicted of a "sex offense." RCW 9.94A.701(1)(a); *see Erection Co. v. Dep't of Lab. and Indus.*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993) (stating that the term "shall" in a statute imposes a mandatory requirement (citing *State v. Bryan*, 93 Wn.2d 177, 183, 606 P.2d 1228 (1980))). Whenever a person commits a later felony while serving a sentence for a previous felony, a sentencing court may order consecutive terms of community custody. RCW 9.94A.589(2)(a).

Here, as noted, Buck was convicted twice at two different times for failure to register as a sex offender. Pursuant to RCW 9.94A.701(1)(a), a "sex offense" conviction mandates a sentence of 36 months of community custody. RCW 9.94A.030(47)(a)(v) defines "sex offense" as "[a] felony violation of RCW 9A.44.132(1) (failure to register as a sex offender)." Therefore, Buck's two felony sex offense convictions mandated two terms of 36 months of community custody. RCW 9.94A.701(1)(a).

Whether these 36-month terms may be sentenced consecutively or concurrently turns on the timing of the felony convictions. Buck committed the latter (2021) offense of failure to register while still serving the earlier (2016) sentence. Plainly, subsection (2)(a) applies. That provision allows the court pronouncing the latter sentence to expressly order consecutive community custody sentences.

3

At Buck's 2021 sentencing, the trial judge did exactly that. Tr. of Proc. (July 27, 2021) at 382 ("I'm gonna run the 36 months consecutive to that sentence and that means you [(Buck)] will be required to touch base with the corrections office for 36 months."); *see also* Clerk's Papers at 68 (The State's sentencing memorandum advised that .589(2)(a) provided authority to the court to run the community custody term "consecutive to any other term of active community custody as long as the Court explicitly indicates such at sentencing.").

The majority, however, concludes that RCW 9.94A.589(5) controls Buck's sentence. RCW 9.94A.589 provides,

> (5) In the case of consecutive sentences, all periods of total confinement shall be served before any partial confinement, community restitution, community supervision, or any other requirement or conditions of any of the sentences. Except for exceptional sentences as authorized under RCW 9.94A.535, if two or more sentences that run consecutively include periods of community supervision, the aggregate of the community supervision period shall not exceed twenty-four months.

Applying subsection (5) to Buck, the majority limits the total terms of community custody from his 2016 and 2021 convictions to 24 months. This holding quickly runs into problems.

Under the majority's logic, subsection (5) and its 24-month limit must be applied. But, .701(1)(a) requires 36 months. To avoid a conflict between .701 and .589(5), and to give effect to all of the applicable sentencing provisions, .701(1)(a) must supersede .589(5)'s 24-month limitation. *See* Wash. Supreme Court oral arg., *State v. Buck*, No. 101703-1 (Oct. 17, 2023), at 31 min., 06 sec. through 33 min. 26 sec., *video recording by*

4

TVW, Washington State's Public Affairs Network, https://tvw.org/video/washington-

state-supreme-court-2023101151/.  Indeed, at oral argument, the State acknowledged that

in such a circumstance, RCW 9.94A.589(5) cannot be given effect.  *Id.* at 33 min., 17 sec.

According to the majority, avoiding the statutory tangle created by applying

.589(2)(a) is simple.  A court need only make an exceptional sentence finding to impose

consecutive terms in excess of 24 months.  Majority at 17.  But this presents additional

problems.  *Only* RCW 9.94A.589(5) mandates an exceptional sentence. RCW

9.94A.589(2)(a), which is the more specific provision, contains no such requirement and

.701(1) mandates 36 months in *every* case; it does not depend on whether the trial court

finds reasons that justify an exceptional sentence.

Under the majority's interpretation, a sentencing court may well find itself forced

to choose *which* provision to follow, RCW 9.94A.701(1) or .589(5).  Though .701(1)(a)

directs that a court "shall" impose 36 months of community custody, if that court finds an

exceptional sentence is not warranted as the majority's interpretation will require, the

court *cannot* comply with .701(1) and .589(5).  Taken a step further, if the trial court does

not find grounds for an exceptional sentence, a person who commits two sex offenses (or

more) will serve less community custody time than a person with only one conviction.[1]

---

[1] The majority responds that a person convicted of multiple sex offenses "does not serve less community custody time" than a person with one conviction because "[that person] would simply serve two or more terms of 36 months of community custody concurrently *unless* an exceptional sentence finding was made."  Majority at 21 (emphasis added).  But under the majority's rule, a court may impose 36 months or more of community custody *only if* the court makes the sentence exceptional.  RCW 9.94A.701(1) does not depend on an exceptional sentence finding.  For persons twice convicted of sex offenses at different times, they must receive two

Thus, the majority's interpretation "could lead to absurd results, which we are bound to avoid when we can do so without doing violence to the words of the statute." *State v. Hall*, 168 Wn.2d 726, 737, 230 P.3d 1048 (2010).

Adding another knot to this tangle, the majority's view undermines the validity of Buck's 2016 sentence. RCW 9.94A.589(5) states, "[I]f two or more *sentences* that run consecutively include periods of community supervision, the aggregate of the community supervision period shall not exceed twenty-four months." (Emphasis added.) The majority accepts that Buck's 2016 and 2021 terms of confinement ran consecutively; and, the 2016 sentence included 36 months of community custody. *See* RCW 9.94A.701(1)(a). But even running Buck's 2021 term *concurrently* to the 2016 term does not satisfy .589(5). The earlier sentence still required 36 months of community custody, which in aggregate violates the 24-month cap. Thus, to comply with .701(1)(a), .589(2)(a), and .589(5), a trial judge must *always* make an exceptional sentence finding even if they impose a *concurrent* term of community custody.

---

36-month terms under .701(1). RCW 9.94A.589(2)(a) allows a court to run those two terms consecutively. Unless the court made an exceptional sentence finding on the first conviction, the court *must* make an exceptional finding for the second conviction to comply with .701(1) and impose the second 36-month term. The majority concludes that .589(5) restricts consecutive terms to 24 months. Thus, a court following .589(2)(a) and .589(5) must make an exceptional finding or if none is warranted, reduce the second 36-month term to 24 months. This rewards individuals who commit more than one sex offense as they will serve fewer months of community custody (24) than a one-time offender (36). We are directed to interpret statutes to avoid absurd results. *Five Corners Fam. Farmers v. State*, 173 Wn.2d 296, 311, 268 P.3d 892 (2011).

Puzzlingly, the majority works hard to cast .589(5) and .701 as the more specific statutes. Majority at 18-19. The majority gets it right in part. RCW 9.94A.701 *is* specific, requiring two sentences of 36 months of community custody for each of Buck's felonies. And while the first sentences of RCW 9.94A.589(5) and .589(2)(a) cover similar ground—requiring all periods of confinement to be completed before commencing another sentence of confinement or other conditions—subsection (2)(a) applies in a *specific* factual circumstance. RCW 9.94A.589(2)(a) is triggered when an offender commits a second felony while serving a sentence on the first felony. In that situation, the sentencing court is authorized to order consecutive community custody terms.

Moreover, subsection (2)(a) was added to RCW 9.95A.589 after subsection (5). LAWS OF 2020, ch. 276, § 1(2)(a). Considering the specific factual requirements and subsequent enactment, the later statute controls when the two conflict. *Ass'n of Wash. Bus. v. Dep't of Revenue*, 155 Wn.2d 430, 449, 120 P.3d 46 (2005) ("'Another general rule of statutory construction gives preference to the later-adopted statute and to the more specific statute if two statutes appear to conflict.'" (quoting *Bailey v. Allstate Ins. Co.*, 73 Wn. App. 442, 446, 869 P.2d 1110 (1994))).[2]

---

[2] The majority also states that the legislative history demonstrates a "deliberate policy choice" to limit community custody terms. Majority at 21. Yet nothing in that history abrogates .701(1). Indeed, RCW 9.94A.589(2)(a) was the more recent, more specific enactment. *Hallauer v. Spectrum Props., Inc.*, 143 Wn.2d 126, 146, 18 P.3d 540 (2001) ("If the statutes irreconcilably conflict, the more specific statute will prevail, unless there is legislative intent that the more general statute controls."). The prime sponsor for .589(2)(a)'s underlying bill testified that it was meant "to simplify and more accurately apply the [community custody] terms that are passed

7

The majority prefers to read .589(5) as an exception to .589(2)(a), the "broadest of all provisions." Majority at 18. Yet this turns the plain and specific language of subsection (2)(a) on its head.

In my view, we should read RCW 9.94A.589 by its plain language and apply it to the facts of Buck's case. Buck committed two felonies, the latter of which occurred while he was still serving 36 months of community custody. This specific scenario is contemplated by RCW 9.94A.589(2)(a), accordingly that provision applies. Because Buck is also a sex offender, RCW 9.94A.701(1)(a) requires two terms of 36 months of community custody for each of Buck's felonies. Reading .589(2)(a) with .701(1)(a), the sentencing court here decided to impose the latter 36 months of community custody consecutively to the earlier sentence. The court followed the applicable sentencing provisions and committed no error. Accordingly, I would affirm the trial court.

With these considerations in mind, I respectfully dissent.

_____
Madsen, J.

_____
Stephens, J.

---

down from courts on to the person who has to serve those terms . . . the court has the ability to say 'you must serve these terms *consecutively*.' But if the court does not specifically specify that, then they will be considered concurrently." Hr'g on S.H.B. 2394 Before the S. Hum. Servs., Reentry & Rehab. Comm., 66th Leg., Reg. Sess. (Wash. Feb. 25, 2020), at 12 min., 12 sec. through 12 min., 40 sec., *video recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/senate-human-services-reentry-rehabilitation-committee-2020021356/?eventID=20021356 (emphasis added). Like .589(2)(a)'s enacting legislation, legislative history is intended to simplify and clarify matters. *See Money Mailer, LLC v. Brewer*, 194 Wn.2d 111, 118, 449 P.3d 258 (2019). The majority does the opposite—using legislative history to create further confusion.